PEOPLE v BROWN

Docket No. 102183. Submitted July 28, 1987, at Lansing. Decided December 21, 1987. Leave to appeal applied for.

Samuel Brown, Jr., was convicted of unarmed robbery following a jury trial in the Washtenaw Circuit Court. He subsequently pled guilty to being an habitual offender, fourth offense, and the trial court, William F. Ager, Jr., J., sentenced defendant to from fifteen to forty years in prison. Defendant appealed and the Court of Appeals reversed defendant's conviction on the basis that the admission of a nontestifying codefendant's statement implicated defendant and violated his Sixth Amendment right to confront witnesses. Unpublished opinion per curiam, decided January 22, 1987 (Docket No. 84965). The people sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of *Richardson v Marsh*, 481 US —; 107 S Ct 1702; 95 L Ed 2d 176 (1987). 428 Mich 912 (1987).

The Court of Appeals, on remand, *held:*

While the codefendant's statement may have been proper on its face, there was not a proper limiting instruction as required by *Richardson*. The codefendant's statement does dispute and directly contradict defendant's version of the events and implicates defendant's involvement. The failure to issue the curative instruction did not constitute harmless error.

Reversed.

1. CRIMINAL LAW — EVIDENCE — CODEFENDANT'S CONFESSION — CONSTITUTIONAL LAW.

The Confrontation Clause of the Sixth Amendment is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when the confession is

REFERENCES

Am Jur 2d, Evidence §§ 539, 590, 695, 703.

Comment Note—Use in evidence of codefendant's confession or statement inculpating one or more other defendants in joint trial as denial of other defendants' right of cross-examination secured by confrontation clause of Sixth Amendment (application of Bruton Rule). 29 L Ed 2d 931.

redacted to eliminate not only the defendant's name, but any reference to his existence (US Const, Am VI).

2. CRIMINAL LAW — HARMLESS ERROR — EVIDENCE — CODEFENDANT'S CONFESSION.

The admission of a nontestifying codefendant's confession without the issuance of a curative instruction does not constitute harmless error where the entire case was based on a credibility contest among the victim, the defendant and the codefendant and the codefendant's confession disputes and directly contradicts the defendant's version of the events and implicates the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Marilyn A. Eisenbraun,* Assistant Prosecuting Attorney, for the people.

*Douglas R. Mullkoff,* for defendant.

Before: CYNAR, P.J., and HOOD and J. B. SULLIVAN, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court to consider the effect of the admission of defendant's codefendant's statement at trial in light of *Richardson v Marsh,* 481 US —; 107 S Ct 1702; 95 L Ed 2d 176 (1987). 428 Mich 912 (1987).

After a jury trial, defendant was convicted of unarmed robbery, MCL 750.530; MSA 28.798. He subsequently pled guilty to being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to fifteen to forty years in prison.

In our previous opinion, *People v Brown,* unpublished opinion per curiam of the Court of Appeals, decided January 22, 1987 (Docket No. 84965), we reversed defendant's conviction on the basis that the admission of the nontestifying codefendant's statement implicated defendant Brown and vio-

lated his Sixth Amendment right to confront witnesses. *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968).

*Richardson, supra,* involved the question of whether *Bruton, supra,* requires the exclusion of a nontestifying codefendant's confession if it is redacted to omit any reference to the defendant, even if the defendant was linked to the confession by evidence properly admitted against him at trial. *Richardson, supra,* p 182.

In *Richardson,* the defendant was tried for assault, robbery and murder along with her codefendant, Benjamin Williams. At their trial, the state introduced Williams' confession. The confession was redacted to omit all reference to the defendant. The confession largely corroborated the surviving victim's account of the activities of persons other than the defendant while in the victim's home.

The United States Supreme Court held that the Confrontation Clause of the Sixth Amendment is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence. *Id.,* p 188.

The Supreme Court distinguished *Bruton* and held it inapplicable in situations where the confession was not incriminating on its face and became so only when linked with evidence introduced later at trial. *Id.,* p 186.

In our case, the codefendant's statement at issue was, "I only put my hands in the man's pocket." This statement was introduced through the testimony of Officer Michael Bogan. While Officer Bogan was transporting codefendant Joseph Brooks from the place of apprehension to the Beer Cooler store, Brooks uttered the statement at issue.

After the statement was introduced, defense counsel moved for a mistrial, which was denied because the lower court concluded that the statement did not implicate defendant Brown.

We reversed, finding that, while the statement did not directly implicate the defendant, it did directly contradict his version of the events. It implied defendant's involvement since the victim testified that codefendant Brooks beat him while defendant went through his pockets. Defendant's testimony was contrary to Brooks' since he claimed that he witnessed the codefendant strike the victim from a distance, but saw no attempt at robbery.

Our review of the record indicates that while the statement may have been proper on its face, there was not a proper limiting instruction as required by *Richardson, supra.* Therefore, defendant's conviction must be reversed and the case remanded for a new trial.

Although the prosecution argues that the statement did not contradict defendant's testimony nor weaken his defense, we conclude that it does dispute and directly contradict defendant's version of the events. It certainly implicates defendant's involvement since the victim testified that codefendant Brooks beat him while defendant went through his pockets. In addition, defendant's testimony was contrary to that of codefendant Brooks, since defendant maintained that he saw Brooks strike the victim, but witnessed no robbery attempt. We recognize the numerous federal cases that have applied the harmless error beyond a reasonable doubt standard to situations where *Bruton* has been violated so long as the evidence supplied through a confession was merely cumulative and other evidence of the accused's guilt was overwhelming. See *Harrington v California,* 395

US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969); *United States v Sutton,* 794 F2d 1415 (CA 9, 1986); *United States v Coachman,* 234 US App DC 194; 727 F2d 1293 (1984).

However, we cannot conclude that admission of this statement without the issuance of a curative instruction constituted harmless error since the entire case was based on a credibility contest among the victim, defendant, and his codefendant. It is well settled that the credibility of witnesses is a matter within the province of the jury. *Johnson v Corbet,* 423 Mich 304, 314; 377 NW2d 713 (1985).

Thus, we are reversing on the basis that a curative instruction was not issued as required by *Richardson.* Also, we cannot conclude that the failure to issue the curative instruction constituted harmless error for the reasons discussed.

Reversed and remanded.